IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION MUTH,

  Petitioner

v.

DAVID J. EBBERT,

  Respondent

CIVIL NO. 4:10-CV-2183

(Judge McClure)

## MEMORANDUM

November 19, 2010

## I. INTRODUCTION

On October 21, 2010, Petitioner Dion Muth ("Petitioner" or "Muth"), an inmate presently confined at the Federal Correctional Institution Allenwood Medium ("FCI Allenwood Medium) in White Deer, Pennsylvania, initiated the above action *pro se* by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. (Rec. Doc. No. 1.) Muth has paid the required $5.00 filing fee, and thus the petition currently is before us for screening. For the reasons set forth herein, the petition will be dismissed without prejudice for lack of jurisdiction.

## II. BACKGROUND

In his petition, Muth requests that this Court "correct" the federal sentence he currently is serving because he claims that it was improperly enhanced as a result of

an error in classifying him as a career offender, which resulted from the improper conversion of a state court misdemeanor conviction for simple assault into a felony conviction. (*See* Rec. Doc. No. 1 at 2, 5-6.) He also claims that he is actually innocent of the charges that formed the basis for his state court conviction. (*See id.*) Muth requests that this Court re-classify him as a non-career offender and grant him a downward departure on the federal sentence he currently is serving. (*See id.* at 6.)

Although Muth does not provide any background as to his current federal sentence, a search of the CM/ECF System shows that Muth currently is serving a sentence imposed by the Honorable Sylvia H. Rambo of this Court on January 26, 2007. (*United States v. Muth*, Criminal No. 1:06-CR-00170, Rec. Doc. No. 47.) On that date, Muth entered a guilty plea on the offense of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and was sentenced to a term of imprisonment of 150 months. (*Id.*) On July 24, 2008, Muth filed a *pro se* motion for a sentence reduction (*id.*, Rec. Doc. No. 49) under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment by the United States Sentencing Commission to the sentencing guidelines concerning crack cocaine. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). By Order dated April 17, 2009, Judge Rambo denied Muth's motion on the basis that he is a career offender who is not entitled to the benefit of the guideline amendment. (*United States v. Muth*, Criminal No. 1:06-CR-00170, Rec.

Doc. No. 54 (citing *United States v. Mateo*, 2009 WL 750411 [560 F.3d 152] (3d Cir. March 24, 2009).) On appeal, the Third Circuit Court of Appeals affirmed. (*Id.*, Rec. Doc. No. 61-3, Opinion.) In its Opinion, the Third Circuit noted that, "Muth acknowledges that *Mateo* is controlling, but he appeals this decision for the purpose of preserving this issue for future review." (*Id.* at 2-3.)

### III. DISCUSSION

In screening Muth's petition, we are mindful of the fact that habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to

3

screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

Muth's challenge in the instant action is not properly pursued in a § 2241 petition. To the extent that Muth is claiming that he is actually innocent of the charges of which he was convicted in state court, the proper method for him to have challenged that conviction would have been to file a direct appeal or a petition for collateral relief in the courts of the state in which he was convicted. After pursuing those state remedies, to the extent that he claimed that his conviction was obtained in violation of the Constitution, it would have been proper for Muth to pursue federal review of his claim through a petition for writ of habeas corpus filed under the provisions of 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

To the extent Muth's challenge in the instant petition is solely to the federal sentence he currently is serving, he already has appealed the District Court's determination that he was not entitled to a reduction of his sentence because his classification as a career offender precluded him from obtaining a reduction. However, to the extent that Muth now wishes to challenge his classification as a career offender in and of itself on the ground that it was based on an improper conversion of

a state court misdemeanor conviction for simple assault into a felony conviction, the proper method for him to do so would be to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Muth only is entitled to pursue the instant habeas petition if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d

1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Applying these principles here, we conclude that we lack jurisdiction over Muth's petition. He has not indicated that § 2255 is inadequate or ineffective to raise the claims that he presents in the instant petition. In particular, while Muth claims that his state court conviction was improperly "converted" from a misdemeanor to a felony, that he is actually innocent of the state court charges, and that his state court conviction was used to classify him as a career offender in imposing the federal sentence he currently is serving, he does not argue that the conduct he committed has been deemed to be noncriminal as a result of an intervening change in the law such that the *Dorsainvil* exception would apply in his case.

## IV. CONCLUSION

Based on the foregoing, we must dismiss the instant petition for writ of habeas corpus for lack of jurisdiction, but we will do so without prejudice to any right Petitioner may have to file a § 2255 motion with the sentencing court.[1] An appropriate Order follows.

                               s/ James F. McClure, Jr.
                               JAMES F. McCLURE, JR.
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT

---

[1] We take no position as to the merits of any motion Petitioner may file.

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DION MUTH, :
:
      Petitioner :
: CIVIL NO. 4:10-CV-2183
:
    v. : (Judge McClure)
:
DAVID J. EBBERT, :
:
      Respondent :

## **ORDER**

November 19, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

                                              s/ James F. McClure, Jr.
                                              JAMES F. McCLURE, JR.
                                              United States District Judge